IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 1:07CV323-WKW |
| | ) | |
| THE ASHFORD HOUSING AUTHORITY and | ) | |
| SHIRLEY FOXWORTH, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CONSENT DECREE

### I. INTRODUCTION

On April 13, 2007, the United States filed this action on behalf of Rudy Livingston

("Mr. Livingston"), Wesley Livingston, and Connie Lashley to enforce Title VIII of the Civil

Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C.

§§ 3601-3619 (the "Fair Housing Act"). The complaint alleges that the Ashford Housing

Authority ("the Authority") and Shirley Foxworth intentionally discriminated against Mr.

Livingston on the basis of disability by evicting him from his apartment at 103 Magnolia Drive,

Apartment #68, Magnolia Apartments ("the subject dwelling").

Mr. Livingston is 52 years old and has been diagnosed with bipolar disorder, paranoid-

schizophrenia, congestive heart failure, kidney disease, and type II diabetes. These conditions

substantially limit one or more of Mr. Livingston's major life activities. Mr. Livingston is a

person with a "handicap" or disability within the meaning of the Fair Housing Act, 42 U.S.C.

§ 3602(h). Wesley Livingston, of 3160 Rocky Creek Road, Ashford, Alabama, is the brother of

Mr. Livingston. Connie Lashley, of 337 Bruner Mill Road, Ashford, is the sister of Mr.

Livingston. Mr. Livingston, Wesley Livingston, and Connie Lashley are collectively referred to herein as "the Complainants."

The Authority is a public housing authority in Houston County, Alabama, and receives federal funding from the Department of Housing and Urban Development ("HUD"), pursuant to 24 C.F.R. § 905.10 and 24 C.F.R. § 990. The Authority owns and operates Magnolia Apartments, which are dwellings within the meaning of 42 U.S.C. § 3602(b). At all times relevant to this matter, Shirley Foxworth served as the Executive Director and on-site manager ("Director") of Magnolia Apartments. Mr. Livingston entered into a residential lease agreement with the Authority for the subject dwelling on or about November 3, 2003. Mr. Livingston's tenancy at the subject dwelling was subject to federal regulations governing the terms and conditions of a public housing leasehold, pursuant to 24 C.F.R. § 966 et seq.

On or about March 31, 2004, Mr. Livingston experienced a diabetic coma and was taken to the hospital by ambulance. Notwithstanding the fact that Mr. Livingston was current in his rent payments as of March 11, 2004, on or about April 14, 2004, the Authority retook possession of the subject premises, removed Mr. Livingston's possessions, and had them moved to a storage facility. At no time did the Authority provide sufficient written notice or initiate formal eviction proceedings in state court to obtain a judgment of possession for Mr. Livingston's apartment, as required by federal regulations, Alabama state law, and Mr. Livingston's lease for the subject premises. 24 C.F.R. § 966.4(l)(4); Alabama Code § 6-6-310, et seq. (1975); Alabama Code § 35-9-80, et seq. (1975) (repealed 2007); Authority Lease paragraph XII ("Termination of Tenancy And Evictions") and paragraph XIII ("Eviction Only By Court Action").

On or about July 15, 2004, Enrique Lang, an investigator employed by the Fair Housing

2

Agency of Alabama, interviewed Ms. Foxworth concerning the allegations in this case.

Referring to Mr. Livingston, Ms. Foxworth stated during the interview words to the effect that

she could not "deal with someone with mental problems."

On or about August 26, 2004, Mr. Livingston filed a timely complaint with HUD,

alleging that the Defendants had discriminated against him on the basis of disability, in violation

of the Fair Housing Act. On or about December 20, 2005, the HUD complaint was amended to

add Wesley Livingston and Connie Lashley as complainants.

Pursuant to the requirements of 42 U.S.C. § 3610(a) and (b), the Secretary of HUD (the

"Secretary") conducted and completed an investigation of the complaint, attempted conciliation

without success, and prepared a final investigative report. Based upon the information gathered

in the investigation, the Secretary, pursuant to 42 U.S.C. § 3610(g)(1), determined that

reasonable cause existed to believe that illegal discriminatory housing practices had occurred.

Therefore, on November 6, 2006, the Secretary issued a Charge of Discrimination, pursuant to

42 U.S.C. § 3610(g)(2)(A), charging the above-named Defendants with engaging in

discriminatory practices, in violation of 42 U.S.C. § 3604(f) of the Fair Housing Act.

On November 14, 2006, the Complainants elected to have the claims asserted in HUD's

Charge of Discrimination resolved in a civil action pursuant to 42 U.S.C. § 3612(a). On

November 15, 2006, the Chief Administrative Law Judge issued a Notice of Election of Judicial

Determination and terminated the administrative proceeding in the HUD complaint. Following

the Notice of Election, the Secretary authorized the Attorney General to commence a civil action,

pursuant to 42 U.S.C. § 3612(o).

The parties agree that this Court has jurisdiction over this action under 28 U.S.C. §§ 1331

3

and 1345, and 42 U.S.C. § 3612(o). The parties further agree that to avoid costly and protracted

litigation, the claims against the Defendants should be resolved without further proceedings.

Therefore, as indicated by the signatures below, the parties agree to the entry of this Consent

Decree. This Consent Decree constitutes full resolution of the United States' and the

Complainants' claims relating to the subject matter of this case.

The Defendants represent that the Authority has terminated Shirley Foxworth from

employment, that she is not currently working in any capacity for the Authority or in any

housing-related employment. The current Director of Magnolia Apartments is Carrie Magill.

The Authority agrees to ensure that the current Director, and her officers, agents, employees,

representatives, successors and assigns, and all other persons in active concert or participation

with them, will assume and fulfill all commitments, obligations, and responsibilities required of

the Director by this Decree.

It is hereby ORDERED, ADJUDGED, AND DECREED:

## II. GENERAL INJUNCTION

A. The Defendants, their officers, agents, employees, representatives, successors and

assigns, and all other persons in active concert or participation with them are enjoined from:

1. Discriminating in the rental of, or otherwise making unavailable or denying, a

dwelling because of a disability of the renter, or any person residing in or intending to reside in

the dwelling after it is rented or made available, or of any person associated with the renter, in

violation of 42 U.S.C. § 3604(f)(1);

2. Discriminating against a person in the terms, conditions, or privileges of the

rental of a dwelling or in the provision of services or facilities in connection with such dwelling,

4

because of a handicap of that person, a person residing or intending to reside in the dwelling after

it is rented or made available, or of any person associated with the renter, in violation of

42 U.S.C. § 3604(f)(2); and

3. Coercing, intimidating, threatening, or interfering with any person in the

exercise or enjoyment of, or on account of his/her having exercised or enjoyed, or on account of

his/her having aided or encouraged any other person in the exercise or enjoyment of, any right

granted or protected by the Act, including the Complainants, as well as anyone who participated

in HUD's investigation of the administrative complaints that gave rise to this action, in violation

of 42 U.S.C. § 3617.

### III. DEFENDANT SHIRLEY FOXWORTH INJUNCTION AND REPORTING

In the event Defendant Foxworth secures employment in the management or operation of

multi-family residential property, including but not limited to showing and renting units,

selecting tenants, making repairs, collecting rents, or determining whom to evict, the following

provisions shall apply:

A. Prior to commencing employment in the management or operation of any multi-

family residential property, Defendant Foxworth must:

1. Notify the prospective employer of this lawsuit, its resolution, and provide the

prospective employer with a copy of this Consent Decree.

2. Undergo training on the Fair Housing Act, with specific emphasis on

discrimination on the basis of disability. The training shall be conducted by an independent,

qualified third party, approved by the United States, and any expenses associated with this

5

training shall be borne by Defendant Foxworth. Defendant Foxworth shall obtain from the

trainer a certification of attendance confirming her attendance, in a form substantially equivalent

to Appendix D. This certification must be provided to counsel for the United States within ten

(10) days of execution.

3. Provide written notice to counsel for the United States of the identity, address

and telephone number of the employer; as well as her sworn certification that she informed the

employer of this lawsuit and provided the employer a copy of this Consent Decree.

B. During the period in which this Consent Decree is in effect, Defendant Foxworth shall

notify counsel for the United States in writing within fifteen (15) days of receipt of any housing

discrimination complaint on the basis of disability against her or her employer. Defendant

Foxworth shall provide copies of written complaints with the notification. The notification shall

include the full details of the complaint, including the complainant's name, address, and

telephone number. Defendant Foxworth shall also promptly provide to the United States all

information it may request concerning any such complaint and its actual or attempted resolution.

### IV. COMPENSATION OF AGGRIEVED PERSONS

A. Within ten (10) days of the entry of this Decree, the Defendants shall pay forty-five

thousand dollars ($45,000) in monetary damages to the Complainants by issuing a certified check

payable to counsel for the Complainants as follows: "R. Bruce Hall & Associates, P.A., on

behalf of Rudy Livingston, Wesley Livingston, and Connie Lashley." The Defendants shall send

the check by overnight delivery to the United States to the attention of Chief, Housing and Civil

Enforcement Section, at the address specified in paragraph IX(B), below.

B. Upon receipt of the check, the United States shall send to the Defendants executed

6

Releases of all claims, legal or equitable, that the Complainants might have against the Defendants relating to the claims asserted in this lawsuit. (Appendix A). The attorney for the Complainants, Clay Wadsworth, Esq., shall deduct the Complainants' attorneys fees in this matter from the $45,000 before distributing the compensatory payments to each of the Complainants and/or their trustees.

## V. NONDISCRIMINATION POLICY

A. Within ten (10) days of the entry of this Decree and throughout the term of this Decree, the Authority shall post and prominently display in the Authority's rental and management offices in locations that are easily visible to residents and prospective residents, and at all other places at the Authority in which announcements or vacancies are posted, a sign no smaller than ten inches by fourteen inches indicating that all dwellings are available for rental on a nondiscriminatory basis. A poster that includes the content required by 24 C.F.R. § 110.25 and otherwise comports with 24 C.F.R. Part 110 will satisfy this requirement.

B. Within ten (10) days of the entry of this Decree and throughout the term of this Decree, the Authority shall ensure that all advertising for housing at the Authority, in newspapers, telephone directories, radio, television, the Internet, or other media, and on signs, pamphlets, brochures and other promotional literature, includes a fair housing logo and the following sentence:

> We are an equal opportunity housing provider. We do not
> discriminate on the basis of race, color, national origin, religion,
> sex, familial status or disability.

The words and logo should be prominently placed and easily legible.

7

C. Within ten (10) days of the entry of this Decree the Authority shall adopt and implement a nondiscrimination policy, conforming with Appendix B, ensuring that apartments are available to all persons without regard to race, color, religion, national origin, disability, familial status, or sex ("the nondiscrimination policy"). The Authority shall continue to implement the nondiscrimination policy throughout the term of this Decree.

D. Within ten (10) days of the entry of this Decree, the Authority shall provide a copy of the nondiscrimination policy to each employee and tenant of the Authority. The Authority shall also provide this policy to all prospective tenants at the time of application, to each new tenant at the time they sign their initial lease, and to each new employee at the time of hire.

E. Within ten (10) days of the entry of this Decree and throughout the term of this Decree, the Authority shall post and prominently display the nondiscrimination policy in the Authority's rental and management offices, and at all other places at the Authority in which announcements or vacancies are posted.

## VI. COMPLAINT POLICY

A. Within ten (10) days of the entry of this Decree, the Authority shall, subject to the approval of the United States, establish and adopt a written tenant complaint policy. The policy, which must conform with applicable federal regulations governing public housing authorities, will inform applicants and tenants of the Authority how and where to file a complaint with the management of the Authority about the practices of the Authority, its employees, and agents that relate to the nondiscrimination policy or to other rights afforded by the Fair Housing Act. The complaint policy shall also inform applicants and tenants of their right to file a fair housing complaint with HUD.

8

B. The complaint policy shall include, among other things, procedures for:

1. documenting complaints in writing, and directives on how the Authority shall promptly investigate and resolve such complaints;

2. ensuring that a copy of each complaint is provided to the Authority's board of directors within seven (7) days after it is raised; and

3. providing the complaining parties with copies of the complaint policy, this Consent Decree, and the name and contact information for a person on the Authority's board of directors who can answer questions about the complaint process.

C. Within ten (10) days of the entry of this Decree and throughout the term of this Decree, the Authority shall post and prominently display the complaint policy in the Authority's rental and management offices in locations that are easily visible to residents and prospective residents, and at all other places at the Authority in which announcements or vacancies are posted. The Authority shall continue to implement the approved complaint policy throughout the term of this Decree.

## VII. REASONABLE ACCOMMODATION POLICY

A. Within thirty (30) days after the date of entry of this Decree, the Authority shall, subject to the approval of the United States, adopt and implement specific written guidelines for receiving and handling requests made by people with disabilities for reasonable accommodations ("Reasonable Accommodation Policy for Persons with Disabilities"). These guidelines shall comply with the requirements of 42 U.S.C. §§ 3601 *et seq.*, and shall include the following elements:

1. A provision describing where and how the Authority will accept and process

9

requests for accommodations in the Authority's rules, policies, practices, or services;

2. A provision stating that each request for reasonable accommodation and response thereto shall be fully documented by the Authority;

3. A provision stating that all requests for accommodation shall be acknowledged, in writing, within fourteen (14) days of the Authority's receipt of an oral or written request;

4. A provision stating that the Authority shall notify those requesting a reasonable accommodation in writing of the decision regarding their request for accommodation within thirty-one (31) days of the Authority's receipt of the request; if the Authority denies a request, it shall include an explanation of the basis for such denial in this written notification;

5. A provision stating that the Authority will retain the final written decision regarding the reasonable accommodation request in the Authority's files;

6. A provision stating that Authority shall consider all requests for accommodations because of disability and shall grant those requests that are reasonable within the meaning of the Fair Housing Act; and

7. A provision stating that Authority shall not impose any additional fees, costs, or otherwise retaliate against any person who has exercised his or her right under the Fair Housing Act to make one or more reasonable accommodation requests.

B. Within thirty (30) days of the date of entry of this Decree, the Authority shall provide a copy of the Reasonable Accommodation Policy for Persons with Disabilities to each current resident of the Authority, by delivering a copy by hand to each dwelling unit.

C. For the duration of this Decree, the Authority shall provide a copy of the Reasonable

10

Accommodation Policy for Persons with Disabilities to all prospective tenants at the time of application, to each new tenant at the time he or she signs their initial lease, and to each new employee at the time of hire.

D. Within thirty (30) days of the entry of this Decree and throughout the term of this Decree, the Authority shall post and prominently display the Reasonable Accommodation Policy in the Authority's rental and management offices in locations that are easily visible to residents and prospective residents, and at all other places at the Authority in which announcements or vacancies are posted.

E. The Authority shall keep written records of each request for reasonable accommodation they receive during the duration of this Consent Decree. These records shall include: (a) the name, address, and telephone number of the person making the request; (b) the date on which the request was received; (c) the nature of the request; (d) whether the request was granted or denied; and (e) if the request was denied, the reason(s) for the denial.

## VIII. TRAINING

A. Within ten (10) days of the entry of this Decree, the Authority shall provide copies of this Decree and the Authority's nondiscrimination policy to all of their agents and employees whose duties, in whole or in part, involve the management or rental of units at the Authority, and shall secure the signed statement, conforming to Appendix C, from each agent or employee acknowledging that she or he has received and read, and understands the Decree and the nondiscrimination policy, and has had her or his questions about the Decree and the nondiscrimination policy answered. The questions shall be answered by a member of the Authority's board of directors, or Defendants' counsel.

11

B.  Within sixty (60) days of the entry of this Decree, Carrie Magill, the Authority's current Director, and all employees and agents whose duties, in whole or in part, involve the management or rental of units at the Authority, shall undergo fair housing training.  In the event that, at any time during the duration of this Decree, Ms. Magill vacates her position as either on-site manager or Executive Director of the Authority, her successor(s) in these positions shall undergo fair housing training as described herein within sixty (60) days after they begin employment with the Authority.  The training shall focus on discrimination based on disability and shall inform the trainees of their obligations under this Decree as well as applicable federal, state and local laws.  The training shall be conducted by a qualified third party approved by the United States and unconnected to the Defendants or their employees, agents, or counsel.  Any expenses associated with this training shall be borne by the Authority.  Those who attend the training shall be required to sign a certification, conforming to Appendix D, confirming their attendance.

C.  During the term of this Decree, the Authority shall, at the time of hire, give each new employee or agent whose duties, in whole or in part, involve the management or rental of units at the Authority, a copy of this Decree and the nondiscrimination policy, and shall give such employees and agents an opportunity to have any questions about these documents answered by a member(s) of the board of directors or by an attorney of the Authority.  Upon receiving a copy of this Decree, each such new employee or agent shall sign a statement conforming to Appendix C.

## IX.  REPORTING AND RECORD-KEEPING REQUIREMENTS

A.  Within thirty (30) days of the entry of this Decree and thereafter on the anniversary of the date of entry of this Decree, the Authority shall submit to the United States a compliance

12

report as provided by this section, except that the Authority shall submit the final report sixty (60) days prior to the anniversary of the entry of this Decree.

B. The compliance reports and all other documents required under this Consent Decree shall be sent by overnight delivery to the following address:  Chief, Housing and Civil Enforcement Section, U.S. Department of Justice, Civil Rights Division, 1800 G Street, N.W., Suite 7062, Washington, D.C. 20006, Attention: DJ 175-2-78.

C. The compliance reports shall include:

1. the signed statements and certifications of each agent and employee referred to in paragraphs VIII(A)-(C), above;

2. copies of the Authority's nondiscrimination and complaint policies; and

3. copies of any advertisements, pamphlets, brochures, or other promotional literature concerning the Authority.

D. Within ten (10) days after the training required by paragraph VIII(B), above, the Authority shall provide to the United States:  (a) the name(s), address(es) and telephone number(s) of the trainer(s); (b) copies of the training outlines and any materials distributed by the trainers; and (c) the signed certifications confirming attendance.

E. Within ten (10) days after the establishment of the complaint policy required by paragraphs VI(A)-(C), above, the Authority shall provide to the United States a copy of the complaint policy. For the duration of this Decree, the Authority shall notify counsel for the United States, in writing, within fifteen (15) days of receipt of any complaint of housing discrimination against the Authority or any of the Authority's agents or employees. Such notification shall include the date of the complaint, a copy of any written complaint or a

13

description of the verbal complaint, and contact information (including mailing addresses daytime and evening telephone numbers) for the complaining party. Within fifteen (15) days of the resolution of any such complaint, the Authority shall notify counsel for the United States, in writing, providing the details of the resolution.

F. For the duration of this Decree, the Authority shall preserve all records related to this Decree and any other documents related to the management or rental of units at the Authority. Such documents include, but are not limited to, applications, leases, resident assessment materials, tenant files, policies and procedures, and tenant tracker and unit availability logs. Upon reasonable notice to the Authority, representatives of the United States shall be permitted to inspect and copy any of the Authority's records and inspect the offices of the Authority at any and all reasonable times so as to determine compliance with the Consent Decree; provided, however, that the United States shall endeavor to minimize any inconvenience to the Authority from such inspections.

## X. DURATION OF DECREE AND TERMINATION OF LEGAL ACTION

A. The Court shall retain jurisdiction for three (3) years after the entry of this Decree to enforce the terms of the Decree, at which time the case shall be dismissed with prejudice. Prior to the expiration of the Decree's term, the United States may move the Court to extend the duration of the Decree for good cause, including on the basis that the Defendants have failed to comply with a provision of the Decree.

B. The parties shall endeavor in good faith to resolve informally any differences regarding the interpretation of and compliance with this Decree prior to bringing such matters to the Court for a resolution. However, in the event of a failure by any of the Defendants to perform

14

in a timely manner any act required by this Decree or otherwise to act in violation of any

provision thereof, the United States may move this Court to impose any remedy authorized by

law or equity, including, but not limited to, an order requiring performance of such act or

deeming such act to have been performed, and an award of any damages, costs, and reasonable

attorney's fees that may have been occasioned by the violation or failure to perform.

## XI. TIME FOR PERFORMANCE

Any time limits for performance imposed by this Consent Decree may be extended by the

mutual, written agreement of the United States and the Defendants.

## XII. COSTS OF LITIGATION

Each party to this Consent Decree shall bear its own costs and attorney's fees associated

with this litigation.

**IT IS SO ORDERED**:

This _18th_ day of _September_, 2007.

UNITED STATES DISTRICT JUDGE

The undersigned apply for and consent to the entry of this Decree:

**FOR PLAINTIFF THE UNITED STATES**:

WAN J. KIM
Assistant Attorney General
Civil Rights Division

*Lori K. Wagner*

STEVEN H. ROSENBAUM
Chief
MICHAEL S. MAURER
Deputy Chief
LORI K. WAGNER, Attorney
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W. - G St.
Washington, D.C. 20530
Telephone No.: (202) 305-3107
Facsimile No.: (202) 514-1116
E-mail: lori.wagner@usdoj.gov

LEURA G. CANARY
United States Attorney

16

**FOR THE DEFENDANTS ASHFORD HOUSING AUTHORITY AND SHIRLEY
FOXWORTH:**

WILLIAM B. MATTHEWS, JR.
Attorney at Law
141 East Reynolds St.
P.O. Box 1145
Ozark, Alabama 36361
Telephone No.: (334) 774-8804
Facsimile: (334) 445-0830
E-mail:  wbmathews@graceba.net

17

## APPENDIX A

### RELEASE OF CLAIMS

   In consideration of the parties' agreement to the terms of the Consent Decree entered by the Court in United States v. The Ashford Housing Authority, et al., Civil Action No. 1:07CV323-WKW (M.D. Ala.), and the Defendants' payment of the sum of _____ dollars ( _____ ), I, _____ , hereby release the Defendants named in this action, the Ashford Housing Authority and Shirley Foxworth, from any and all liability for any claims, legal or equitable, I may have against them arising out of the allegations raised in this action or any related action or complaint pending before HUD involving these Defendants. I hereby acknowledge that I have read and understand the Consent Decree and this release, and have executed this release voluntarily and with full knowledge of its legal consequences.


_____
Rudy Livingston
Address


Date: _____


Witnessed by:

Signature: _____
Print Name: _____
Address: _____

Date: _____

18

## APPENDIX A

## RELEASE OF CLAIMS

In consideration of the parties' agreement to the terms of the Consent Decree entered by the Court in United States v. The Ashford Housing Authority, et al., Civil Action No. 1:07CV323-WKW (M.D. Ala.), and the Defendants' payment of the sum of _____ dollars ( _____ ), I, _____ , hereby release the Defendants named in this action, the Ashford Housing Authority and Shirley Foxworth, from any and all liability for any claims, legal or equitable, I may have against them arising out of the allegations raised in this action or any related action or complaint pending before HUD involving these Defendants. I hereby acknowledge that I have read and understand the Consent Decree and this release, and have executed this release voluntarily and with full knowledge of its legal consequences.


_____
Wesley Livingston
Address:


Date: _____


Witnessed by:

Signature: _____
Print Name: _____
Address: _____

Date: _____

19

**APPENDIX A**

**RELEASE OF CLAIMS**

In consideration of the parties' agreement to the terms of the Consent Decree entered by the Court in United States v. The Ashford Housing Authority, et al., Civil Action No. 1:07CV323-WKW (M.D. Ala.), and the Defendants' payment of the sum of _____ dollars (       ), I, _____ , hereby release the Defendants named in this action, the Ashford Housing Authority and Shirley Foxworth, from any and all liability for any claims, legal or equitable, I may have against them arising out of the allegations raised in this action or any related action or complaint pending before HUD involving these Defendants. I hereby acknowledge that I have read and understand the Consent Decree and this release, and have executed this release voluntarily and with full knowledge of its legal consequences.


_____
Connie Lashley
Address:


Date: _____


Witnessed by:

Signature: _____
Print Name: _____
Address: _____

Date: _____

20

## APPENDIX B

## NONDISCRIMINATION POLICY

It is the policy of The Ashford Housing Authority to comply with Title VIII of the Civil Rights Act of 1968 (commonly known as the Fair Housing Act) by ensuring that apartments are available to all persons without regard to race, color, religion, national origin, disability, familial status, or sex. This policy means, among other things, that The Ashford Housing Authority and all agents or employees of The Ashford Housing Authority with the responsibility for renting, managing or administering any dwelling units must not discriminate on the basis of disability in any aspect of the rental of dwellings to qualified applicants or tenants. Such agents and employees must refrain from:

A. Discriminating in the rental of, or otherwise making unavailable or denying, a dwelling because of a disability of the renter, of any person residing in or intending to reside in the dwelling after it is rented or made available, or of any person associated with the renter;

B. Making statements with respect to the rental of a dwelling that indicate a preference, limitation, or discrimination based on disability; and

C. Coercing, intimidating, threatening, or interfering with any person in the exercise or enjoyment of, or on account of his/her having exercised or enjoyed, or on account of his/her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by the Act.

Any agent or employee who fails to comply with this nondiscrimination policy shall be subject to appropriate disciplinary action. Any action taken by an agent or employee that results in the unequal service, treatment, or behavior to tenants on the basis of disability may constitute a violation of state and federal fair housing laws. All tenancies maintained at the Authority are administered in compliance with applicable federal regulations, including those governing eviction procedures for public housing authorities. Any tenant who believes that any of the above policies have been violated by any owner, agent or employee may contact the U.S. Department of Housing and Urban Development at 1-800-669-9777, or the U.S. Department of Justice at 1-800-896-7743 or 202-514-4713.

21

## APPENDIX C

### EMPLOYEE ACKNOWLEDGMENT

     I acknowledge that on _____ _____, 200__, I received copies of the Consent Decree entered by the Court in United States v. The Ashford Housing Authority, et al., Civil Action No. 1:07 CV 323-WKW (M.D. Ala.), and the nondiscrimination, complaint, and reasonable accommodation policies of the Ashford Housing Authority. I have read and understand the Consent Order and the nondiscrimination, complaint, and reasonable accommodation policies, and have had my questions about these documents answered. I understand my legal responsibilities and shall comply with those responsibilities.

_____
Signature

_____
Print Name

_____
Job Title

_____
Date

## APPENDIX D

### EMPLOYEE TRAINING CERTIFICATION

I certify that on _____ ____, 200___, I received training with respect to my responsibilities under the Consent Decree entered by the Court in United States v. The Ashford Housing Authority and Shirley Foxworth, Civil Action No. 1:07 CV 323-WKW(M.D. Ala.), and the federal Fair Housing Act. I was also instructed as to the rental policies and procedures, including the nondiscrimination, complaint, and reasonable accommodation policies, of the Ashford Housing Authority. I have received copies of and have read the Consent Decree, the nondiscrimination, complaint, and reasonable accommodation policies, and I have had my questions about these documents answered. I understand my legal responsibilities and shall comply with those responsibilities.

_____

Signature

_____

Print Name

_____

Job Title

_____

Date

23